FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 3 0 2004

Robert M. March
CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

v.

CIV. NO. 04-44 JP/ACT
CR. NO. 00-82 JP

MARCUS HAHN,

Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS

## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Defendant Marcus Hahn's ("Hahn") Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed January 15, 2004. Hahn asserts that his second section 924(c)(1)(A) conviction is constitutionally void on double jeopardy grounds and that he received constitutionally ineffective assistance of counsel because his appellate counsel failed to argue a non-frivolous issue in his appeal. The United States Magistrate Judge, having considered the arguments of the parties, record, relevant law, and being otherwise fully advised, finds the Motion should be denied. Because the issues are resolved on the pleadings, and the record establishes conclusively that Hahn is not entitled to relief, an evidentiary hearing is not necessary. 28 U.S.C. §2255, *Trice v. Ward* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied*, 531 U.S. 835 (2000).

### PROPOSED FINDINGS

Factual and Procedural Background.

1. On December 31, 1999, authorities executed a search warrant on Defendant's home at 62 Valle Hermosa, Sandia Park, New Mexico. They found more than 100 marijuana plants and

147

several guns.

2. On December 7, 2000, a jury convicted Hahn of manufacturing 100 or more marijuana plants in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B) and of opening and maintaining a place for the purpose of manufacturing, distributing and using marijuana in violation of 21 U.S.C. §§856(a)(1) and (b). The jury also convicted Hahn of possessing a fireman in furtherance of the manufacture of marijuana in violation of 18 U.S.C. §§924(c)(1)(A) and (c)(1)(C)(i) and of possessing a fireman in furtherance of the maintenance of a place to manufacture, distribute and use marijuana also in violation of 18 U.S.C. §§924(c)(1)(A) and (c)(1)(C)(i).

3. On July 12, 2001, the Court imposed a five-year mandatory sentence for the drug crimes, a ten-year mandatory consecutive sentence for the first gun violation and a twenty-five-year mandatory consecutive sentence for the second gun violation for a total of forty years.

4. Hahn appeals his sentence. On April 18, 2002, the Tenth Circuit Court of Appeals affirmed the sentence imposed by the district court. *United States v. Hahn*, 2002 WL 5955140 (10th Cir. 2002). On April 30, 2002, Hahn filed a petition in the Court of Appeals seeking a rehearing en banc. The Court denied the motion. Hahn then filed a petition for writ of certiorari to the United States Supreme Court. On January 27, 2003, the Supreme Court denied the petition.

Section 924(c)(1)(A) conviction.

5. "This statute prohibits possession of a firearm in furtherance of a crime of violence, in addition to possession in futherance of a drug-trafficking crime." *United States v. Hahn*, 2002 WL 5955140, n.1 (10th Cir. 2002). Specifically, section 924(c)(1)(A) states in part that "any person who, during and relation to any...drug trafficking crime...who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such...drug trafficking crime-be

2

sentenced to a term of imprisonment..."18 U.S.C. §924... In addition, the statute provides that "[i]n the case of a second or subsequent conviction under this subsection, the person shall--(i) be sentenced to a term of imprisonment of not less than 25 years..." 18 U.S.C. §924(c)(1)(C). Section 924(c)(1) "creates an offense distinct from the underlying federal felony." *Simpson v. United States*, 435 U.S. 6, 10 (1978).

6. Hahn asserts that the acts giving rise to the two section 924(c) counts in the indictment were the same offense because they occurred at the same time and place. Hahn contends that the second section 924(c) conviction violates the prohibition against double jeopardy. In addition, he contends that section 924(c) is vague and thus the rule of lenity requires that it be interpreted in his favor. Hahn's contentions are without merit.

7. Whether Hahn's second section 924(c) conviction violates the prohibition against double jeopardy was expressly decided by the Tenth Circuit Court of Appeals in *United States v. Hahn*, 2002 WL 5955140 (10th Cir. 2002). A claim that is actually decided on direct review cannot be relitigated under Section 2255 absent "countervailing equitable considerations." *Withrow v. Williams*, 507 U.S. 680, 720-21 (1993). "Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Prichard*, 875 F.2d 789, 790-91 (10th Cir. 1989). Hahn does not argue a change in law nor has there been a change in the law.

8. Hahn asserts that he may raise the issue again because he had ineffective assistance of counsel during his appeal. The exception to which Hahn refers, "cause and prejudice," applies to cases in which a waiver results when a Section 2255 petitioner could have raised an issue on appeal but did not. *United States v. Warner* 23 F.3d 287, 291 (10th Cir. 1994). This is not what occurred

3

in this matter. Hahn litigated this issue on appeal and lost.

9. Moreover, Hahn cannot prevail on the merits of his claim. The Tenth Circuit, relying on *United States v. Sturmoski*, 971 F.2d 452 (10th Cir. 1992), ruled that Hahn's conviction and sentence does not violate double jeopardy. The Court specifically found that if the criminal offenses are separate and distinct offenses for purposes of double jeopardy, they are separate and distinct offenses for purposes of the firearms enhancement provisions of section 924(c). As Hahn's convictions under section 924(c) are based on the separate offenses of manufacturing marijuana in violation of 21 U.S.C. §841 and maintaining a place to manufacture marijuana under 21 U.S.C. §856, they are separate and distinct offenses for purposes of Section 924(c).

10. Further, the Tenth Circuit Court of Appeals specifically rejected the argument that there was no second conviction because both convictions involved offenses that were "coterminous in space and time." Hahn, 2002 WL 595140 at **1. Citing *United States v. Parra*, 2 F.3d 1058, 1062 (10th Cir. 1993) the Court stated that "[w]e have consistently held that, even if possession of a fireman occurs in connection with a single criminal episode, a second 924(c) conviction out of that episode can constitute 'second or subsequent conviction' for sentencing purposes." *Id*.

11. Finally, Hahn asserts that the statute is ambiguous and the rule of lenity applies. "The rule of lenity applies only if, after seizing everything from which aid can be derived....we can make no more than a guess as to what Congress intended." *Muscarello v. United States*, 524 U.S. 125, 138 (1998). *Sturmoski* established that the Court does not need to guess at what Congress meant.

Assistance of counsel.

12. Hahn asserts that his appellate counsel was constitutionally ineffective on the grounds

4

that he failed to argue a non-frivolous issue in his appeal. However, Hahn does not identify a specific non-frivolous issue arising from his trial and sentencing.

13. To prove an ineffective assistance of counsel claim, Hahn must show both that his counsel's performance was constitutionally deficient and that this deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Thus Hahn must establish "that counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The facts in this case do not support Hahn's assertion. Hahn's counsel appealed Hahn's sentence and made the same arguments that Hahn makes in this petition. Moreover, Hahn's counsel had informed Hahn that losing at the Tenth Circuit was a "foregone conclusion." Exhibit A attached to Hahn's section 2255 motion. Hahn's counsel preserved the argument and sought a re-hearing en banc, the procedure by which the court may overrule a panel decision. This was denied. Hahn's counsel than filed a writ of certiorari in the United States Supreme Court. Again, this was denied. Whether or not Hahn prevailed is irrelevant to the issue of effectiveness of counsel. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

14. Furthermore, Hahn cannot prove the second requirement in *Strickland*. Hahn cannot show prejudice because he cannot establish that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. 694. The Tenth Circuit in Hahn's appeal affirmed its decision in *Sturmoski*.

Appointment of counsel.

15. Hahn requests appointment of counsel in this matter. Hahn has no constitutional or statutory right to appointment of counsel in a Section 2255 proceeding if no evidentiary hearing is required. *United States v. Evans*, 51 F.3d 287, 1995 WL 139420, at *1 (10th Cir. 1995) citing

5

*United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993). A court has the discretion to appoint counsel if "the interests of justice so require." 18 U.S.C. §3006A(a)(2)(B). As discussed above, the Court finds that Hahn's claims are without merit. In addition, the Court notes that Hahn's claims did not present difficult factual or legal issues and Hahn has adequately presented his claims. For these reasons, the Court declines to appoint counsel.

## RECOMMENDED DISPOSITION

I recommend that the Hahn's Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside, or Correction by a Person in Federal Custody filed January 15, 2004 be **DISMISSED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendation with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendation. If no objections are filed, no appellate review will be allowed.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE