**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 26 2004

·CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

vs.

No. CIV 04-44 JP/ACT
No. CR 00-82 JP

MARCUS HAHN,

Defendant/Movant.

## MEMORANDUM OPINION AND ORDER

Defendant Marcus Hahn ("Hahn") filed Movant's Motion for Reconsideration of the Court's Judgment Pursuant to FED. R. CIV. P. 59(e) (Doc. No. 12) on June 1, 2004, Motion Requesting Permission to Amend Petitioner's Section 2255 Motion Pursuant to FED. R. CIV. P. 15(a) (Doc. No. 13) on June 7, 2004 and Movant's Application to Amend His Section 2255 Motion to Include an Additional Claim Pursuant to 28 U.S.C. 2255(3) (Doc. No. 14) on July 13, 2004.

Factual and Procedural Background.

On December 31, 1999, law enforcement authorities executed a search warrant on Hahn's home at 62 Valle Hermosa, Sandia Park, New Mexico. They found more than 100 marijuana plants and several guns. On December 7, 2000, a jury convicted Hahn of manufacturing 100 or more marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and of opening and maintaining a place for the purpose of manufacturing, distributing and using marijuana in violation of 21 U.S.C. §§ 856 (a)(1) and (b). The jury also convicted Hahn of possessing a firearm in furtherance of the manufacture of marijuana in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(C)(i) and of possessing a firearm in furtherance of the maintenance of a place to



manufacture, distribute and use marijuana also in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(C)(i).

On July 12, 2001, the Court imposed a five-year mandatory sentence for the drug crimes, a ten-year mandatory consecutive sentence for the first gun violation and a twenty-five-year mandatory consecutive sentence for the second gun violation for a total sentence of forty years.

Hahn appealed his sentence. On April 18, 2002, the Tenth Circuit Court of Appeals affirmed the sentence imposed by the district court. United States v. Hahn, 2002 WL 595140 (10th Cir. 2002). On April 30, 2002, Hahn filed a petition in the Court of Appeals seeking a rehearing en banc. The Court denied the motion. Hahn then filed a petition for writ of certiorari to the United States Supreme Court. On January 27, 2003, the Supreme Court denied the petition.

On March 30, 2004, the Court entered a recommended disposition that Hahn's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 1) filed January 15, 2004 be dismissed. On May 12, 2004, the Court entered an Order and Judgment dismissing with prejudice Hahn's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Hahn then filed the three motions which are the subjects of this Memorandum Opinion and Order.

Discussion.

"The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Tenth Circuit has held that post-judgment motions filed in a § 2255 proceeding "cannot be used t circumvent restraints on successive habeas petitions"

contained in 5he Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir.), cert. denied, 525 U.S. 1024 (1998). Under the AEDPA, each of Hahn's motions is a "second" § 2255 petition. Thus, he must obtain prior authorization from the Tenth Circuit before filing the motions. 28 U.S.C. §§ 2244 and 2255; Lopez, 141 F.3d at 975. When a defendant files a successive § 2255 motion without first seeking the required authorization, the district court must transfer the motion to the appellate court in the "interest of justice" in accordance with 28 U.S.C. § 1631. Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997).

IT IS THEREFORE ORDERED that Movant's Motion for Reconsideration of the Court's Judgment Pursuant to FED. R. CIV. P. 59(e) (Doc. No. 12), Motion Requesting Permission to Amend Petitioner's Section 2255 Motion Pursuant to FED. R. CIV. P. 15(a) (Doc. No. 13) and Movant's Application to Amend His Section 2255 Motion to Include an Additional Claim Pursuant to 28 U.S.C. 2255(3) (Doc. No. 14) will be treated as successive petitions and they are transferred to the Tenth Circuit Court of Appeals in accordance with 28 U.S.C. § 1631.

_____
SENIOR UNITED STATES DISTRICT JUDGE